UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GLENN WHITING, ) | |
| ) | Case No. 3:23-cv-220 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| CITY OF ATHENS, MIKE KEITH, and ) | |
| BRANDON AINSWORTH ) | |
| ) | |
| *Defendants*. | |

**ORDER**

Before the Court is Defendants City of Athens, Brandon Ainsworth, and Mike Keith's joint motion for attorney fees (Doc. 40). For the reasons that follow, the Court will **GRANT** the motion (*id.*).

I.     **BACKGROUND**

Every Fourth of July, the City of Athens, Tennessee ("the City") puts on a fireworks show for the public to enjoy. (Doc. 1, at 2–4.) But when the City elected to limit the show's ("the Event") attendance to City employees and guests in 2022, Plaintiff Glenn Whiting set out to "video record the event so that [] excluded [] citizens could know what their City employees were doing in the closed park." (*Id.* at 6.) Plaintiff's presence at the Event did not go unnoticed; at least half a dozen City employees or guests confronted him and asked him to stop filming children at the Event. (*Id.* at 7–11.) On January 3, 2023, Plaintiff filed suit against the City and various City employees (including firefighters), alleging multiple causes of action relating to his experience at the Event. (*See* Case No. 3:23-cv-2.)

Over four months after Plaintiff filed the lawsuit and nearly a year after the Event, local news outlets reported that the City would not be holding its annual fireworks show in 2023 due to Plaintiff's pending case. (Doc. 1, at 4.) Specifically, ABC Channel 9 News ("ABC") reported:

> There won't be any fireworks at the Athens Regional Park on July 4th this year, and we now know the reason why. A man's pending lawsuit against several city officials over what happened at last year's event is cited as the reason. We obtained that lawsuit on Wednesday, which you can read in full below.

(*Id.*) The online article ("Announcement') features a link to the original complaint filed in Case No. 3:23-cv-2. (*Id.*)

According to Plaintiff, ABC obtained this information on May 18, 2023, from Defendant Mike Keith, who served as interim City Manager at the time. (*Id.* at 1, 3–4.) Before speaking with ABC, Keith had met with Defendant Brandon Ainsworth, then the City Fire Chief, who allegedly "informed Keith that he did not want to . . . order [City] firefighters to provided [sic] emergency protection at the 2023 Independence Day event." (*Id.* at 2, 4.) Plaintiff's suit over the Event included City firefighters as defendants. (*See* Case No. 3:23-cv-2.)

The Announcement drew increased public attention to Plaintiff. (*Id.* at 4–5.) After the Announcement, "[n]umerous members of the public [] contacted Plaintiff" urging him to drop his lawsuit to allow for the City fireworks display to go on. (*Id.* at 5.) For instance, a representative of the company that has historically provided liability insurance to the City for the fireworks display phoned Plaintiff and asked him to dismiss all suits pending against the City. (*Id.* at 4–5.) City community members also posted comments on social-media sites "both blaming Plaintiff for the cancellation and urging him to dismiss his cases." (*Id.* at 5.) Despite this attention, Plaintiff "informed all individuals who contacted him that he would not be extorted by public pressure from the City to dismiss his legitimate petitions to the government

for redress of grievances." (*Id.*) Nonetheless, Plaintiff attests he has "suffered impairment of reputation and standing in the community, personal humiliation, and mental anguish" due to the Announcement. (*Id.* at 19.)

On June 22, 2023, Plaintiff brought another action—this one—asserting claims for First Amendment retaliation against the City, Keith, and Ainsworth ("Defendants") and for state-law defamation against the City and Keith.[1] (Doc. 1, at 16–20.) At the same time, Plaintiff filed yet another case before this Court, alleging First Amendment retaliation and state-law defamation against the City and City Mayor Steve Sherlin for comments Sherlin made regarding settlement negotiations between Plaintiff and the City.[2] (*See* Doc. 1 in Case No. 3:23-cv-221.) On July 20, 2023, Defendants collectively moved to dismiss all claims against them in this case. (Doc. 10.) The Court granted the motion and dismissed with prejudice all claims in this matter (Docs. 34, 35). Defendants timely moved for attorney fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Tennessee Code Annotated § 29-20-113. (Docs. 40, 41.) Instead of filing a response to the motion, Plaintiff moved to strike certain portions of it (Doc. 51). The attorney-fee motion is ripe for review (Doc. 40).

## II. ANALYSIS

### A. Timeliness

As a preliminary matter, the Court notes that Plaintiff did not respond to Defendants' motions for attorney fees. Defendants initially filed a motion for attorney fees on October 4,

---

[1] Plaintiff also brought a "cause of action" for injunctive and declaratory relief. (Doc. 1, at 20.) Because this is a form of a relief requested rather than a separate cause of action, the Court does not include it in this list.

[2] According to Defendants, Plaintiff has filed nine total lawsuits against the City or its employees since 2020. (Doc. 11, at 1.)

2023. (Doc. 30.) Plaintiff filed a motion requesting an extension of time to respond on October 10, 2023. (Doc. 32.) However, after withdrawing its initial opinion and order (Docs. 26, 27) pursuant to Federal Rule of Civil Procedure 60(a)(1), the Court denied both motions as moot on October 10, 2023. (Doc. 33.) The Court entered a subsequent opinion and judgment order closing this case on October 18, 2023. (Docs. 34, 35.) Plaintiff then filed a response to Defendants' first motion for attorney fees, after the Court denied it as moot. (Doc. 37.) Defendants timely moved for an award of attorney fees and costs for a second time on November 1, 2023. (Docs. 40, 41.) Apart from moving to strike the motion, Plaintiff never responded.[3] Though the Court has authority to summarily award attorney fees given Plaintiff's

---

[3] Plaintiff's subsequent response, filed weeks after the deadline imposed by E.D. Tenn. L. R. 7.1(a), was a motion to strike Defendants' motion and memorandum in support of the motion for attorney fees. (Doc. 51, at 1.) Plaintiff's counsel was recently sanctioned in a Tennessee state court case and was sanctioned under 28 U.S.C. § 1927 by a federal district court in 2012. *See Pelley v. Perkinson*, No. 2022-cv-298 (McMinn Cnty. Cir. Ct. filed Aug. 18, 2023); (Doc. 41-1); *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 12-2143, 2012 WL 3683492, at *1, *6 (W.D. Tenn. Aug. 24, 2012). Plaintiff takes issue with Defendants' reference to these cases. (*See* Doc. 51.) However, Plaintiff does not clearly reference either case in his motion. (*See* Doc. 51.) Plaintiff "requests that this Court's order include a statement that the Court reviewed and/or relied upon said State Court order in ruling upon this or any other motion in this matter." (*Id.*) Presumably, this refers to *Pelley*. Plaintiff also asserts that it is "impermissible for a trial judge to consider facts outside the record of the case over which he presides." (Doc. 51, at 1.) This is incorrect. *See Plaintiff v. City of Athens, et al.*, No. 23-6082, 2024 WL 3537651, at *3 (6th Cir. July 25, 2024) (noting that "the Supreme Court has explained that the opinions held by judges as a result of what they learned in earlier proceedings do not render them personally biased") (citation and internal quotation marks omitted); *Coney v. Smith*, 738 F.2d 1199, 1199–1200 (11th Cir. 1984) (taking judicial notice of relevant state court proceedings); *cf. Tilmon-Jones v. Boladian*, 581 F.App'x 493, 496–97 (6th Cir. 2014) (noting that other courts sanctioned plaintiff and her counsel for past misconduct before evaluating the district court's sanctions award). The Sixth Circuit case Plaintiff cites to support this assertion addressed off-the-record contacts and fact-finding by a trial judge's law clerk. (*See* Doc. 51, at 1); *Price Bros. Co. v. Philadelphia Gear Corp.*, 629 F.2d 444 (6th Cir. 1980). Instances in which other courts sanctioned Plaintiff's counsel for misconduct are relevant to considering whether his actions in this case were pursued in bad faith and how to deter future violations. *See Tilmon-Jones*, 581 F.App'x at 498 (stating that "the goal of 28 U.S.C. § 1927 not to make a party whole, but to deter and punish"). Accordingly, Plaintiff's motion to strike (Doc. 51) is **DENIED**.

unresponsiveness, it will nonetheless independently determine whether attorney fees are warranted. *See* E.D. Tenn. L. R. 7.2 ("Failure to response to a motion may be deemed a waiver of any opposition to the relief sought.").

### B. 42 U.S.C. § 1988

Defendants first argue they are entitled to attorney fees pursuant to 42 U.S.C. § 1988. (Doc. 41, at 2.) The Court agrees.

Pursuant to 42 U.S.C. § 1988, "in any action to enforce a provision of" § 1983, "the court, in its discretion, may allow the prevailing party" a "reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Recovery under this statute is the default for a prevailing § 1983 plaintiff; the United States Supreme Court has directed that a "prevailing plaintiff should ordinarily recover an attorney's fees unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotations and citations omitted). However, a prevailing party can be either a defendant or a plaintiff. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978) (holding that § 1988 authorizes a fee award to a prevailing defendant, who should also be protected "from burdensome litigation having no legal or factual basis"). Under § 1988, "[a] prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)).

In adjudicating a defendant's request for attorney fees pursuant to 42 U.S.C. § 1988, the Court should determine whether: (1) the defendant is a "prevailing party"; (2) the plaintiff's action was frivolous, unreasonable, or without foundation; (3) the compensation sought is reasonable, as assessed by the lodestar method; and (4) there are any exceptional considerations

5

requiring an upward or downward adjustment.  *See Hensley*, 461 U.S. at 433–34; *Wolfe*, 412 F.3d 707 at 720.  The lodestar method requires a court to multiply the number of hours reasonably expended by the applicable hourly market rate for legal services to find an objective basis for a lawyer's services.  *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  There is a strong presumption that the lodestar figure is reasonable, but a court should scrutinize the amount to ensure it does not produce windfalls to attorneys.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995).

Here, Defendants are entitled to attorney fees pursuant to 42 U.S.C. § 1988.  They filed a motion to dismiss all claims, which were brought pursuant to 42 U.S.C. § 1983,[4] for failure to state a claim.  (Doc. 10.)  The Court granted the motion.  (Docs. 34, 35.)  This makes Defendants the "prevailing party" in this suit.  *See Terry v. Tyson Farms, Inc.*, No. 4:08-cv-3, 2008 WL 11417831, at *1 (E.D. Tenn. Nov. 25, 2008) (noting that a defendant is a prevailing party when its motion to dismiss is granted and judgment is entered in its favor).  For reasons discussed below, Plaintiff's action was also frivolous and without foundation.  *See infra* Section II.D.

The fee amount Defendants request is also reasonable.  Defendants ask for $19,739.80 in attorney fees, calculated using the lodestar method.  (Doc. 41, at 12–13.)  In support of the request, Counsel for Defendants report their respective hourly rates as $229.00 an hour, which they attest is "actually below the prevailing rates in the community for complex civil rights litigation."  (*Id.* at 13.)  According to their calculations, Counsel Dan R. Pilkington billed 23.5

---

[4] Plaintiff also brought a state-law defamation claim in this action, and 42 U.S.C. § 1988 does not allow for the recovery of attorney fees related to state-law claims.  *Ash v. Bezotte*, No. 10-11875, 2013 WL 4777176, at *3 (E.D. Mich. Sept. 5, 2013) ("Thus, no matter how frivolous, unreasonable or groundless, Defendants cannot recover their attorney's fees related to Plaintiff's state law claims.").  Defendants acknowledge this in their motion for attorney fees and represent that "the fees sought [for the 42 U.S.C. § 1983 claims] would have been necessary regardless of whether the state law claims were included."  (Doc. 41, at 2 n.2).

6
Case 3:23-cv-00220-TRM-DCP   Document 57   Filed 09/24/24   Page 6 of 13   PageID #: 672

hours, and Counsel Brian R. Bibb billed 62.7 hours. (*Id.*) Defendants do not seek any enhancement to the lodestar amount. (*Id.*) Considering the relatively low hourly rate and that litigation of this matter implicated substantial motions practice and complex constitutional claims, the Court finds the requested amount of $19,739.80 reasonable.

Because Defendants prevailed in Plaintiff's frivolous § 1983 action and the fees they request are reasonable, they are entitled to recover that amount pursuant to 42 U.S.C. § 1988.

### C. Tenn. Code Ann. § 29-20-113

Even if Defendants were not due attorney fees pursuant to 42 U.S.C. § 1988, Defendant Keith would be entitled to them under Tennessee Code Annotated § 29-20-113, which authorizes a court to award reasonable attorney fees to Tennessee local government employees under certain circumstances (Doc. 41, at 9.)

"Federal Courts must generally apply state law regarding attorney fees to a state law claim pendent to a federal claim." *Williams v. Shelby Cnty. Sch. Sys.*, No. 217CV02284TLPCGC, 2019 WL 490354, at *7 (W.D. Tenn. Feb. 7, 2019), *aff'd*, No. 19-5238, 2020 WL 1190433 (6th Cir. Mar. 12, 2020) (quoting *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1237 n.17 (6th Cir. 1984)). Here, Plaintiff filed a state-law defamation claim in addition to his First Amendment retaliation claims against Defendant Keith.[5] (Doc. 1, at 19.) The Court will consider how § 29-20-113 applies to Plaintiff's state law claims against Defendant Keith.[6]

---

[5] No state-law defamation claims were alleged against Defendant Ainsworth. (*See* Doc. 1.) As such, the Court will not award attorney fees to Ainsworth under § 29-20-113.

[6] The Court will not address Plaintiff's arguments regarding the constitutionality of § 29-20-113 contained in his first response. (Doc. 37.) As stated in Section II.A, Plaintiff failed to respond to Defendants' motion for attorney fees. *Cf. Williams*, 2019 WL 490354 at *8 (applying § 29-20-113 to state law claims and refusing to consider the statute's constitutionality after the plaintiffs waived their opportunity to challenge the statute on these grounds).

To be entitled to attorney fees under Tennessee Code Annotated § 29-20-113, a Tennessee local government employee must prevail on his individual-capacity claim. Tenn. Code Ann. § 29-20-113(a). The statute defines "prevailing party" broadly: "a government employee is deemed a prevailing party . . . so long as he asserts in his answer, at least forty-five days before the dismissal, that he was not acting in his individual capacity." *Ogle v. Jones*, No. 3:20-cv-293, 2024 WL 2224328, at *3 (E.D. Tenn. May 16, 2024) (citing § 29-20-113(b)(2)). Thus, the statute imposes three procedural requirements before a government-employee defendant can be characterized as a prevailing party under the statute: (1) the plaintiff's individual-capacity claim is dismissed; (2) the government employee's answer or responsive pleading asserts that he was not acting in his individual capacity as to the claims alleged; and (3) the dismissal occurs at least forty-five days after the government employee filed an answer or responsive pleading. *Id.*

Defendant Keith is entitled to attorney fees pursuant to Tennessee Code Annotated § 29-20-113(a) because all three procedural elements are met. For the first, Keith prevailed in this case. The Court dismissed all claims against him when it granted Defendants' motion to dismiss. (Docs. 34–35); *see Aylor v. Carr*, No. M201801836COAR3CV, 2019 WL 2745625, at *4–5 (Tenn. Ct. App. July 1, 2019) (finding that the defendants prevailed for the purposes of § 29-20-113 when the plaintiff's suit was dismissed). Keith also meets the second requirement—he warned in his motion to dismiss that he was not properly joined to the action in his individual capacity. (*See* Doc. 11, at 17); *Aylor*, 2019 WL 2745625 at *5 (holding that a motion to dismiss is a "responsive pleading" under § 29-20-113(b)(2)). The Court dismissed Plaintiff's claims against Keith more than forty-five days after Keith filed his motion to dismiss, so the third

requirement is also met. Accordingly, Keith, as a Tennessee government employee, is entitled to attorney fees and costs pursuant to Tennessee Code Annotated § 29-20-113(a).

**D.     28 U.S.C. § 1927**

Finally, even if Defendants could not recover attorney fees pursuant to 42 U.S.C. § 1988 or, for Defendant Keith, pursuant to Tennessee Code Annotated § 29-20-113(a), they are entitled to them under 28 U.S.C. § 1927.

28 U.S.C. § 1927 authorizes a district court to award attorney fees as a sanction against a lawyer for "unreasonably and vexatiously" multiplying the proceedings in any case. To award fees pursuant to the statute, the court must find that counsel's conduct "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Milner v. Biggs,* No. 13–3486, 2014 WL 1910550, at *3 (6th Cir. May 13, 2014) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir.2006)). An award of fees pursuant to 28 U.S.C. § 1927 requires a showing of "more than negligence or incompetence" but "less than subjective bad faith." *Id.* (quoting *Hall v. Liberty Life Assurance. Co. of Boston*, 595 F.3d 270, 276 (6th Cir. 2010)). An attorney's conduct is sanctionable under the statute "when [he] intentionally abuses the judicial process or knowingly disregards the risk that [his] actions will needlessly multiply proceedings, or when he knows or reasonably should know that a claim pursued is frivolous[.]" *Jones v. Hamilton Cnty., Ohio*, No. 23-3002, 2023 WL 7391704, at *3 (6th Cir. Nov. 8, 2023), *cert. denied sub nom. Jones v. McKeague*, 144 S. Ct. 1098 (2024) (internal quotations and citations omitted). The purpose of awarding fees pursuant to this statute is to "deter and punish those who abuse the judicial process." *Dean's Cards*, *LLC v. Perlstein*, No. 1:13-cv-912, 2014 WL 3793575, at *2 (S.D. Ohio July 31, 2014). An attorney subject to sanctions under 28 U.S.C. §

1927 is "required to personally satisfy the excess costs attributable to his misconduct." *Red Carpet,* 465 F.3d at 646. Additionally, "Section 1927 authorizes a court to sanction an attorney from the point in time when the attorney's pursuit of . . . claims became unreasonable and vexatious." *Williams*, 2019 WL 490354 at \*4 (quoting *Carter v. Hickory Healthcare Inc.*, No. 5:14CV2691, 2017 WL 1711043, at \*2 (N.D. Ohio May 3, 2017) (internal quotations omitted).

Plaintiff's counsel's actions in this case warrant sanctions. His client's claims lacked merit at the outset, and he knew it. Plaintiff's counsel offered only two citations to precedent discussing adverse actions in First Amendment retaliation claims in response to Defendants' motion to dismiss. (*See* Doc. 16, at 4–13.) First, Plaintiff's counsel cited *Thaddeus-X v. Blatter* when arguing that "whether an ordinary person would have been deterred under specific factual circumstances is obviously a question for a jury." 175 F.3d 378 (6th Cir. 1999); (Doc. 16, at 6.) However, Plaintiff's counsel conveniently ignored language in *Blatter* relevant to Plaintiff's frivolous claims. *Blatter* describes the adverse action standard, stating:

> The benefits of such a standard are that it is an objective inquiry, capable of being tailored to the different circumstances in which retaliation claims arise, and capable of *screening the most trivial of actions from constitutional cognizance*. We emphasize that *while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations*, this threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment.

175 F.3d at 398 (emphasis added). *Blatter* also states that "[i]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Id.* at 397 (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982)). Plaintiff's counsel knew or should have known that all allegations do not automatically proceed to the jury or suffice to state a claim under this standard. Plaintiff's counsel not only ignored this language but neglected to

make any factual comparisons between *Blatter* and Plaintiff's allegations. (*See* Doc. 16). Plaintiff's counsel should have noted the difference between Plaintiff's claims and a case in which prison inmates alleged that prison officials retaliated by means of "[h]arassment, physical threats, and transfer to the area of the prison used to house mentally disturbed inmates . . . combined with the conditions allegedly present there." *Blatter*, 175 F.3d at 398.

Next, Plaintiff's counsel cited *Wurzelbacher v. Jones-Kelley* to show that "the injury suffered need not be great because there is no justification for harassing people for exercise of their constitutional rights." (Doc. 16, at 9 (quoting *Wurzelbacher v. Jones-Kelley*, 728 F. Supp. 2d 928, 933 (S.D. Ohio 2010), *aff'd*, 675 F.3d 580 (6th Cir. 2012)). Yet again, Plaintiff's counsel omitted relevant language, as *Wurzelbacher* states:

> The standard for an adverse action balances two competing propositions: "[f]irst, the injury suffered need not be great because there is no justification for harassing people for exercise of their constitutional rights; but second, a constitutional tort—like any tort—requires injury, and allowing constitutional redress for every minor harassment may serve to trivialize the First Amendment."

*Wurzelbacher*, 728 F. Supp. 2d at 933. After differentiating between adverse actions sufficient to sustain a claim for First Amendment retaliation and actions insufficient to sustain a claim, the Court granted the defendants' motion for judgment on the pleadings. *See id.* at 933–35. The Court stated:

> In this case . . . Plaintiff does not allege concrete personal injuries, but instead alleges only the generalized allegation that "[a]s a direct and proximate result of these violations of his constitutional rights, Plaintiff suffered substantial damages, including emotional distress, harassment, personal humiliation, and embarrassment." Without allegations of a more specific and concrete nature as to the harms he suffered, Plaintiff does not meet the constitutional threshold required to state a claim for First Amendment retaliation.[7]

---

[7] As this Court previously explained, Plaintiff generally alleged that he "suffered impairment of reputation and standing in the community, personal humiliation, and mental anguish." (Doc. 34, at 11.) Plaintiff's "broad gesture to reputational damage is not enough to shoulder an adverse-action showing." (*Id.*)

11

*Id.* at 935 (internal citations omitted). If Plaintiff's counsel read the only two cases he cited addressing adverse actions, he knew Plaintiff's claims were frivolous.[8] *See Jones*, 2023 WL 7391704 at *3. At the very least, Plaintiff's counsel "reasonably should [have known] that [Plaintiff's claims were frivolous]" or "knowingly disregard[ed] the risk that [his] actions [would] needlessly multiply proceedings." *See id.* Sanctions are warranted. Plaintiff's counsel's pattern of conduct shows he "intentionally abuses the judicial process" and that sanctions are needed to deter future misconduct. *See Jones*, 2023 WL 7391704 at *3. Counsel for Plaintiff must personally satisfy the attorney fees due. 28 U.S.C.A. § 1927; *see Basch v. Knoll, Inc.*, No. 1:13-cv-76, 2015 WL 5009355, at *2 (W.D. Mich. Aug. 20, 2015) (noting that an attorney sanctioned pursuant to § 1927 "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").[9]

## III. CONCLUSION

For the aforementioned reasons, Defendants are entitled to the attorney fees they request. Therefore, their attorney fees motion is **GRANTED** (Doc. 40). Plaintiff's counsel is **DIRECTED** to pay attorney fees in the amount of $19,739.80 to Defendants on or before **January 20, 2025**. Plaintiff's motion to strike portions of the motion for attorney fees (Doc. 51) is **DENIED**.

   **SO ORDERED.**

---

[8] Plaintiff appealed the Court's dismissal of his claims. (*See* Doc. 54.) The Sixth Circuit affirmed the decision of the Court, stating "[w]e *have repeatedly held* that statements made regarding publicly available information do not constitute adverse actions," and that "Keith's statements to local media did little more than draw attention to Whiting's lawsuit against the City, which was already a matter of public record." (Doc. 54, at 10) (emphasis added).

[9] This order deals exclusively with Defendants' request for attorney fees. It does not relate to or decide any other issues the Court may raise.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES**